NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAI Y. WONG,<br><br>               Plaintiff,<br><br>     v.<br><br>RASH, CURTIS & ASSOCIATES,<br><br>               Defendant. | Case No.  3:19-cv-00534<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes WAI Y. WONG ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of RASH, CURTIS & ASSOCIATES ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in San Mateo County, California, which is located within the Northern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant promotes that it "has provided accounts receivable solutions to organizations seeking off-site revenue recovery services. "[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business at 190 S. Orchard Avenue, Suite A-200, Vacaville, California 95688-3647. Defendant regularly collects upon consumers located in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Several years ago, Plaintiff received a series of medical services from San Mateo Medical Center ("San Mateo").

---

[1] http://rashcurtis.com/services/

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to San Mateo, thus incurring debt ("subject debt").

11. On December 27, 2018, Plaintiff received a text message from Defendant to her cellular phone, (415) XXX-3522, attempting to collect upon the subject debt.

12. Defendant's entire text message contained the following language: "Hello, this is an attempt to collect a debt. Please call our office at 866-729-2722. Ref# 2450817. Sincerely Rash Curtis & Asso. @ Reply STOP to opt out[.]"

13. Deceptively, Defendant failed to disclose that it was debt collector.

14. Concerned over Defendant's message, Plaintiff contacted Defendant shortly thereafter.

15. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt and insisted on obtaining Plaintiff's credit card information.

16. Plaintiff refused to immediately address the subject debt as she did not recall the medical bills she purportedly owes.

17. In response, Defendant e-mailed Plaintiff a series of itemizations for every outstanding medical bill purportedly owed to San Mateo.

18. Defendant's itemizations included the following summaries:

**Account Information**

Account #  2450817            Client Account #:  6001402097985
Our Client Name  SAN MATEO COUNTY                                    Desk:  44
Date of Referral: 05/27/2015    Date of Service: 05/09/2012    Date of Last Pmt: 03/17/2014

| | | | |
|---|---|---|---|
| Amount Referred: | $200.00 | Court Costs: | $0.00 |
| Principal Balance: | $200.00 | Attorney Fees: | $0.00 |
| Accumulated Interest: | $0.00 | Other: | $0.00 |
| Other Charges: | $0.00 | Current Interest: | $96.22 |
| Account Total: | $296.22 | | |

**Account Information**

| | | | |
|---|---|---|---|
| Account # 2450818 | | Client Account #: 6001402098017 | |
| Our Client Name SAN MATEO COUNTY | | | Desk: 44 |
| Date of Referral: 05/27/2015 | Date of Service: 05/12/2012 | Date of Last Pmt: 03/25/2013 | |
| Amount Referred: | $180.00 | Court Costs: | $0.00 |
| Principal Balance: | $180.00 | Attorney Fees: | $0.00 |
| Accumulated Interest: | $0.00 | Other: | $0.00 |
| Other Charges: | $0.00 | Current Interest: | $104.20 |
| Account Total: | $284.20 | | |

**Account Information**

| | | | |
|---|---|---|---|
| Account # 2450819 | | Client Account #: 6001402098025 | |
| Our Client Name SAN MATEO COUNTY | | | Desk: 44 |
| Date of Referral: 05/27/2015 | Date of Service: 05/12/2012 | Date of Last Pmt: 03/25/2013 | |
| Amount Referred: | $353.00 | Court Costs: | $0.00 |
| Principal Balance: | $353.00 | Attorney Fees: | $0.00 |
| Accumulated Interest: | $0.00 | Other: | $0.00 |
| Other Charges: | $0.00 | Current Interest: | $204.35 |
| Account Total: | $557.35 | | |

19. California has a statute of limitations of four years for medical debts. As reflected by the date(s) of last payment(s) in the accounts above, the statute of limitations for all of the medical bills have passed.

20. Consequently, Plaintiff was confused and worried as to Defendant's itemizations of "Court Costs" and "Attorney Fees" because Defendant is precluded from initiating a lawsuit to collect upon the subject debt.

21. Moreover, Plaintiff was perplexed by Defendant's odd itemizations of interest in each medical bill. Every medical bill reflects a "$0.00" under "Accumulated Interest[.]" However, the medical bills also reflect "Current Interest[s]" of "$96.22," "$104.20," and "$204.35."

22. Additionally, the last two remaining items of "Other Chargers" and "Other" were not part of the underlying agreement, thus not lawfully collectible.

23. After Plaintiff's first conversation with Defendant, Plaintiff contacted Defendant on at least one other occasion.

24. During that subsequent communication, Defendant insisted that it was collecting directly for San Mateo and made general allusions to it being one and the same with San Mateo, and not a third party debt collector.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights.

26. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

27. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1978.[2]

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

---

[2] https://www.acainternational.org/search#memberdirectory

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)."

35. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its account statements that it had the ability to add "Court Costs", "Attorney Fees", "Other Charges", and "Other" costs to the subject debt; and its perplexing itemization of "Current Interest[s]" of $96.22, $104.20, and $204.35, when all of the accounts also reflected a $0.00 balance for "Accumulated Interest".  The inclusion of the above-referenced line items misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due. Nevertheless, Defendant misleadingly suggested that it could tack on court costs and/or attorney fees when it was legally impermissible for Defendant to pursue a lawsuit against Plaintiff to collect upon the subject debt. Defendant is time-barred from collecting from Plaintiff through a lawsuit, therefore court costs and attorney fees are not lawfully collectible and cannot accrue. Alternatively, Defendant unlawfully threatened litigation through its itemization of court costs and attorney fees when it was time-barred from pursuing a lawsuit to collect upon the subject debt. In addition, these "Other Charges" and "Other"

costs were not part of the underlying agreement between Plaintiff and San Mateo, thus not collectible. Lastly, Defendant's confusing inclusion of the above-referenced current interest amounts and $0.00 under accumulated interest(s) only served to obscure Plaintiff's obligations under the subject debt. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such additional costs. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional costs – even though such costs were not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest she be subjected to additional interest or miscellaneous costs by a subsequent debt collector.

36. Defendant further violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant masqueraded as the original creditor when it falsely alluded that it was part of San Mateo. By making this false statement, Defendant was attempting to artificially provide itself with legitimacy by deceptively representing to Plaintiff that payment would be made to the original creditor instead of a third party debt collector. This act was designed to deceptively extract payment from Plaintiff.

37. Moreover, Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its text messages to Plaintiff. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

**b. Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

40. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violate the FDCPA.

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

WHEREFORE, Plaintiff, WAI Y. WONG respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant's first communication with Plaintiff failed to contain the full statutorily mandated disclosures in a deceptive attempt to obscure Plaintiff's rights. Moreover, Defendant dishonestly suggested that it could collect amounts that are not lawfully collectible and also suggested that it may pursue a lawsuit against Plaintiff when Defendant is time-barred from collecting upon the subject debt through the court system.

48. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, WAI Y. WONG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: January 30, 2019                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com