```
Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
```

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAI Y. WONG,<br><br>    Plaintiff,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>    Defendant, | Case No.: 3:19-CV-00534-JCS<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant RASH CURTIS & ASSOCIATES (hereinafter "Defendant") hereby responds to Plaintiff's Complaint as follows:

    1.    As to paragraph 1, Defendant is not called to admit or deny these allegations.  To the extent Plaintiff's allegations imply that Defendant violated the FDCPA or Rosenthal Act, Defendant denies these allegations.

    2.    As to paragraph 2, Defendant lacks sufficient information to admit or deny whether this court has jurisdiction pursuant to 15 U.S.C. § 1692k(d).  Should Plaintiff's federal claims be dismissed or rendered moot, Defendant does not consent to this court's exercise of supplemental jurisdiction over any remaining state law claims.

    3.    As to paragraph 3, Defendant does not contest venue at this time.

    4.    As to paragraph 4, Defendant lacks sufficient information to admit or deny these

allegations.

5. As to paragraph 5, Defendant admits these allegations.

6. As to paragraph 6, Defendant admits these allegations.

7. As to paragraph 7, Defendant admits these allegations.

8. As to paragraph 8, Defendant lacks sufficient information to admit or deny these allegations.

9. As to paragraph 9, Defendant lacks sufficient information to admit or deny these allegations.

10. As to paragraph 10, Defendant lacks sufficient information to admit or deny these allegations.

11. As to paragraph 11, Defendant lacks sufficient information to admit or deny these allegations.

12. As to paragraph 12, Defendant lacks sufficient information to admit or deny these allegations.

13. As to paragraph 13, Defendant lacks sufficient information to admit or deny these allegations.

14. As to paragraph 14, Defendant lacks sufficient information to admit or deny these allegations.

15. As to paragraph 15, Defendant lacks sufficient information to admit or deny these allegations.

16. As to paragraph 16, Defendant lacks sufficient information to admit or deny these allegations.

17. As to paragraph 17, Defendant lacks sufficient information to admit or deny these allegations.

18. As to paragraph 18, Defendant lacks sufficient information to admit or deny these allegations.

19. As to paragraph 19, Defendant lacks sufficient information to admit or deny these allegations.

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

20. As to paragraph 20, Defendant lacks sufficient information to admit or deny these allegations.

21. As to paragraph 21, Defendant lacks sufficient information to admit or deny these allegations.

22. As to paragraph 22, Defendant lacks sufficient information to admit or deny these allegations.

23. As to paragraph 23, Defendant lacks sufficient information to admit or deny these allegations.

24. As to paragraph 24, Defendant lacks sufficient information to admit or deny these allegations.

25. As to paragraph 25, Defendant lacks sufficient information to admit or deny these allegations.

26. As to paragraph 26, Defendant lacks sufficient information to admit or deny these allegations.

27. As to paragraph 27, Defendant lacks sufficient information to admit or deny these allegations.

28. As to paragraph 28, Defendant repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. As to paragraph 29, Defendant lacks sufficient information to admit or deny these allegations.

30. As to paragraph 30, Defendant admits these allegations.

31. As to paragraph 31, Defendant admits these allegations.

32. As to paragraph 32, Defendant lacks sufficient information to admit or deny these allegations.

33. As to paragraph 33, Defendant is not called to admit or deny these allegations.

34. As to paragraph 34, Defendant is not called to admit or deny these allegations.

35. As to paragraph 35, Defendant denies these allegations.

36. As to paragraph 36, Defendant denies these allegations.

37. As to paragraph 37, Defendant denies these allegations.

38. As to paragraph 38, Defendant is not called to admit or deny these allegations.

39. As to paragraph 39, Defendant is not called to admit or deny these allegations.

40. As to paragraph 40, Defendant denies these allegations.

41. As to paragraph 41, Defendant denies these allegations.

42. As to paragraph 42, Defendant repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. As to paragraph 43, Defendant admits these allegations.

44. As to paragraph 44, Defendant lacks sufficient information to admit or deny these allegations.

45. As to paragraph 45, Defendant admits these allegations.

46. As to paragraph 46, Defendant is not called to admit or deny these allegations.

47. As to paragraph 47, Defendant denies these allegations.

48. As to paragraph 48, Defendant denies these allegations.

49. Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

50. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

51. Defendant alleges that it has no civil liability under the FDCPA or the Rosenthal Act, as any violation was unintentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. 1692k(c); Cal. Civ. Code 1788.30(e).

### THIRD AFFIRMATIVE DEFENSE

52. To the extent that any of Defendant's alleged conduct constitutes a violation of the Rosenthal Act, Defendant's liability should be eliminated or reduced because Plaintiff's resulting damages, if any exist, were proximately (legally) caused by the comparative negligence, comparative fault, and/or intentionally wrongful acts, omissions, or other conduct of Plaintiff or other individuals.

### FOURTH AFFIRMATIVE DEFENSE

53. Defendant acted at all times in good faith, and without wrongful intent, or willfulness based upon the belief that its actions were legal, proper, and/or privileged.

### FIFTH AFFIRMATIVE DEFENSE

54. Defendant alleges that Plaintiff has not suffered a concrete and particularized injury for the alleged violations of the FDCPA and Rosenthal Act so as to confer Article III or prudential standing upon her.

### SIXTH AFFIRMATIVE DEFENSE

55. Defendant alleges it has no civil liability under the FDCPA or the Rosenthal Act because Defendant's alleged communications contained an accurate statement regarding the total amount of Plaintiff's alleged obligation.

### SEVENTH AFFIRMATIVE DEFENSE

56. Defendant alleges it has no civil liability under the Rosenthal Act because Plaintiff's alleged obligation is not a "consumer debt" and did not arise from a "consumer credit transaction" as defined by California Civil Code §§ 1788.2(e)-(f).

### EIGHTH AFFIRMATIVE DEFENSE

57. Defendant alleges that Plaintiff's Complaint is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client.

### NINTH AFFIRMATIVE DEFENSE

58. Defendant presently has insufficient knowledge of information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER

**WHEREFORE**, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: March 5, 2019

                  ELLIS LAW GROUP LLP


                  By  */s/MARK E. ELLIS*
                      Mark E. Ellis
                      Attorneys for Defendant
                      RASH CURTIS & ASSOCIATES

## DEMAND FOR JURY TRIAL

Defendant RASH CURTIS & ASSOCIATES hereby demands a jury trial in this matter.

Dated: March 5, 2019

                  ELLIS LAW GROUP LLP


                  By  */s/MARK E. ELLIS*
                      Mark E. Ellis
                      Attorneys for Defendant
                      RASH CURTIS & ASSOCIATES