NICHOLAS M. WAJDA (State Bar #259178)
nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

Taxiarchis Hatzidimitriadis (Admitted Pro Hac Vice)
thatz@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 x110
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAI Y. WONG,<br><br>   Plaintiff,<br><br>   vs.<br><br>RASH, CURTIS & ASSOCIATES,<br><br>   Defendant. | Case Number: 3:19-cv-00534-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

*Form updated May 2018*

1. <u>Jurisdiction & Service</u>

Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq*. Plaintiff contends that subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Plaintiff also contends that supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367, because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

Defendant does not contest this court's original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). However, should Plaintiff's federal claims be dismissed or rendered moot, Defendant does not consent to this court's exercise of supplemental jurisdiction over any remaining state law claims.

All parties have been served and are represented by counsel.

2. <u>Facts</u>

Several years ago Plaintiff received a series of medial services from San Mateo Medical Center ("SMMC"). Due to financial hardship Plaintiff was not able to make full payment to SMMC. Plaintiff's debts to SMMC were referred to Defendant for collection. As part of its collection activity, Defendant caused to be sent to Plaintiff a series of text messages and correspondences, some of which were expressly requested by Plaintiff. Plaintiff alleges that Defendant's collection communications and correspondences was improper under the FDCPA and the RFDCPA.

Defendant denies that its collection activity, including the communications at issue here, were made in violation of the FDCPA and RFDCPA. Specifically, the text message alleged in the Complaint advised Plaintiff that it was sent by Defendant, an entity which Plaintiff knew to be a debt collector, and it expressly advised that it was sent in an attempt to collect a debt. Furthermore, the itemized statements alleged in the Complaint

*Form updated May 2018*

were requested by Plaintiff (as evidenced in the various call recordings generated by Defendant) and accurately stated the amounts owed. These statements did not indicate or communicate that Defendant sought to recover any allegedly improper amounts, including any amounts for attorney's fees, court costs, or other costs. Finally, the call recordings also establish that Defendant did not improperly or illegally attempt to deceive Plaintiff regarding Defendant's identity as alleged in the Complaint.

3. <u>Legal Issues</u>

Did Defendant properly and fully identify itself and make the required disclosures under the FDCPA and the RFDCPA? Were the communications sent to Plaintiff by Defendant false and/or misleading under the FDCPA and the RFDCPA? Were the alleged violations unintentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error? Should Defendant's liability be eliminated or reduced due to the comparative fault of Plaintiff and/or other third parties? Was Defendant's conduct taken in reasonable reliance upon information provided by its client? Were Defendant's communications accurate and, if not, do any inaccuracies constitute a material misrepresentation such that it would have affected the least sophisticated consumer's ability to intelligently choose her action or response concerning her debts?

4. <u>Motions</u>

There are no motions currently pending. The parties each anticipate filing Motions for Summary Judgment.

5. <u>Amendment of Pleadings</u>

The parties propose a deadline of May 27, 2019 to amend the pleadings or add additional parties.

*Form updated May 2018*

6. Evidence Preservation

Counsel for both parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information and discussed the same with their clients.

7. Disclosures

The parties will make their initial disclosures as ordered on or before April 26, 2019.

The parties do not propose any changes with regard to the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

8. Discovery

The parties have not conducted any discovery to date.

Defendant anticipates propounding written discovery in the form of requests for admissions, interrogatories, and requests for production of documents on Plaintiff, as well as deposing Plaintiff and any other persons or entities that are identified during discovery. The parties do not believe this case requires any deviation from the standard discovery parameters set forth in the Federal Rules of Civil Procedure.

9. Class Actions

N/A.

10. Related Cases

None.

11. Relief

Plaintiff is seeking statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) of up to $1,000 and up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b). Plaintiff is seeking

*Form updated May 2018*

actual damages in an amount to be determined pursuant to Cal. Civ. Code § 1788.30(a) and 15 U.S.C. §1692k(a)(1). Plaintiff is seeking payment of attorney fees and costs in an amount to be determined pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. §1692k(a)(3).

12. Settlement and ADR

Plaintiff has tendered a settlement demand to Defendant and is willing to engage in settlement discussion. The Parties proposed to complete mediation by August 22, 2019.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* YES \_\_\_X\_ NO

14. Other References

N/A.

15. Narrowing of Issues

None at this time.

16. Expedited Trial Procedure

No.

17. Scheduling

The parties propose the following deadlines (a) August 22, 2019 for completion of initial ADR session; (b) July 29, 2019 for designation of experts; (c) November 5, 2019

*Form updated May 2018*

for discovery cut-off; (d) January 31, 2020 for filing of dispositive motions; (d) April 22, 2019 for pre-trial conference; and (e) May 4, 2020 for trial.

18. Trial

    Plaintiff has made a jury demand and the parties believe any trial could be completed in 2-3 days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff filed the Certification of Interested Entities or Persons on April 15, 2019. Defendant filed the Certificate of Interested Entities or Persons on March 5, 2019.

20. Professional Conduct

    Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

    None.

Dated: May 8, 2019

s/ Taxiarchis Hatzidimitriadis
_____
Counsel for plaintiff

Dated: May 8, 2019

s/ Anthony Valenti
_____
Counsel for Defendant

*Form updated May 2018*

## ECF Signature Certification

Pursuant to Local Rule 5-1(i), I, Taxiarchis Hatzidimitriadis, hereby certify that the content of the document is acceptable to Anthony P. J. Valenti, counsel for Defendant, and I have obtained his authorization to affix his electronic signature to this document.

Dated: May 8, 2019 /s/ Taxiarchis Hatzidimitriadis

Counsel for Plaintiff

*Form updated May 2018*